IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| THE TRUSTEES OF THE UNIVERSITY OF PENNSYLVANIA, | : : : : |
| Plaintiff, | : CIVIL ACTION NO. : |
| v. | : : |
| PRIMARY HEALTH, LLC., | : : |
| Defendant. | : : : : |

# COMPLAINT

Plaintiff The Trustees of the University of Pennsylvania ("PENN"), by and through its undersigned counsel, avers as follows for its Complaint against Defendant Primary Health, LLC ("Primary Health"):

## NATURE OF THE ACTION

1. The choice of a medical provider often involves consideration of the reputation and expertise of the provider along with practical considerations such as whether the provider is within the patient's insurance coverage network. For these and many other reasons, it is critically important that consumers understand the source of their healthcare services as any confusion brings considerable consequences. PENN, and its associated health system, has built a reputation for excellence in patient care, innovative treatments, and compassion over the course of the last two and a half centuries. Defendant seeks to trade off that hard-earned reputation by intentionally confusing consumers into believing that their medical services originate from PENN or are otherwise associated or affiliated with PENN. Because Defendant refuses to cease

its unlawful conduct, PENN brings this action for trademark infringement and unfair competition under the Lanham Act, 15 U.S.C. § 1051 *et seq.* and the laws of the Commonwealth of Pennsylvania.

## THE PARTIES

2. The Trustees of the University of Pennsylvania is a Pennsylvania not-for-profit corporation focused on higher education, research, and patient care with a principal place of business at 3451 Walnut Street, Rm.737, Philadelphia, PA 19104.

3. Upon information and belief, Primary Health, LLC is a limited liability company organized under the laws of the Commonwealth of Pennsylvania with a principal place of business at 5600 Chestnut Street, Philadelphia, PA 19139 and a registered address at 2020 Trowbridge Drive, Newtown, PA 18940.

4. Upon information and belief, Dr. Haytham Albizem is the Governing Member of Primary Health, LLC.

## JURISDICTION AND VENUE

5. This action arises under the Lanham Act, Title 15 of the United States Code, and, accordingly, this Court has jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a).

6. Primary Health transacts substantial business in this District specifically and the Commonwealth of Pennsylvania more generally.  In addition, Primary Health actively markets itself in this District by infringing PENN's trademarks.

7. This Court has personal jurisdiction over Primary Health because it is organized under the laws of the Commonwealth of Pennsylvania, maintains its principal place of business within the Commonwealth and, on information and belief, Primary Health has purposefully

directed its infringing activities to this District and has purposefully availed itself of the laws of the Commonwealth of Pennsylvania.

8. Venue is proper in the District under 28 U.S.C. § 1391, because, upon information and belief, and for the reasons set forth herein, a substantial part of the events and rights giving rise to this action occurred in and exist in this District.

## FACTUAL ALLEGATIONS

9. Founded by Benjamin Franklin in 1755, PENN is one of the leading academic and research institutions in the world. In addition to numerous other undergraduate and graduate programs, PENN operates the Perelman School of Medicine, which was founded in 1765 and is the oldest medical school in the United States. The Perelman School of Medicine has been consistently ranked among the top 10 medical schools in the country for decades.

10. The University of Pennsylvania Health System (together with the Perelman School of Medicine, "PENN Medicine") currently operates seven hospitals throughout the Greater Philadelphia region, including the Hospital at the University of Pennsylvania and Pennsylvania Hospital. In addition to its hospitals, PENN Medicine and its almost 50,000 faculty, physicians, nurses, and staff operate hundreds of locations to ensure access to world-class medical services to individuals throughout the region. Hundreds of thousands of people in the Philadelphia area currently rely on PENN Medicine for their medical care.

11. Since its founding, PENN Medicine has been at the forefront of groundbreaking medical discoveries that have improved the lives of tens of millions of people across the region, the country, and the world, including advancements in gene therapy and cancer treatments. Most recently, two PENN Medicine researchers received the Nobel Prize in Medicine for their work in

developing mRNA technology, which enabled the development of vaccines to combat the COVID-19 pandemic.

12. PENN owns numerous Federal Trademark Registrations for PENN in the field of medical services and PENN MEDICINE, including:

| MARK | REGISTRATION NO. | REGISTERED SERVICES |
|---|---|---|
| PENN MEDICINE® | 2,143,894 | *Medical services* in IC 42 |
| PENN® | 1,773,257 | *Medical services, veterinary services, and ophthalmology services* in IC 42 |
| Penn® (logo) | 2,831,667 | *Medical and hospital services* in IC 44 |
| PENN MEDICINE® | 3,624,424 | *Educational services, namely, providing courses of instruction at the professional, graduate and undergraduate levels in the fields of medicine and health care; Educational services, namely, conducting workshops, conferences and seminars in the field of medicine and health* in IC 41 |
| Penn Medicine® (logo) | 3,646,135 | *Educational services, namely, providing courses of instruction at the professional, graduate and undergraduate levels in the fields of medicine and health care; Educational services, namely, conducting workshops, conferences and seminars in the field of medicine and health* in IC 41 and *Hospital and medical services* in IC 44 |
| PENN MEDICINE HEALTHCARE PARTNERS® | 7,375,738 | *Health care, medical and hospital services* in IC 44 |

4

| | | |
|---|---|---|
| PENN MEDICINE AT HOME® | 6,158,795 | *Medical services; health care services, namely, palliative care services, hospice services, rehabilitation services, home health care aide services and infusion therapy services; and nursing care services* in IC 44 and *Bereavement services, namely, bereavement counseling, bereavement consulting and bereavement support services, namely, conducting support groups for families and children* in IC 45 |
| PENN GLOBAL MEDICINE® | 4,036,255 | *Medical services* in IC 44 |
| PENN TRAVEL MEDICINE® | 2,277,095 | *Medical services* in IC 42 |

13.     Each of the foregoing registrations (collectively, the "PENN Medicine Marks") is valid and subsisting.

## Defendant's Infringement of PENN Medicine Marks

14.     Upon information and belief, Defendant Primary Health is operating medical offices under the marks Penn Heart and Vascular Center and PennMed Care PA PC.

15.     The below photographs were taken at Defendant's offices located at 2 Bala Plaza, 333 E. City Avenue, Bala Cynwyd, PA 19004, the very same location as a PENN Medicine office.  https://www.pennmedicine.org/practices/penn-medicine-bala-cynwyd.  Consequently, consumers arriving at the facility for an appointment with the genuine PENN Medicine providers will undoubtedly believe Defendant's practice are similarly affiliated with PENN Medicine.

16.     A consumer entering the Bala Cynwyd building will initially, if not perpetually believe that Defendant's practice is affiliated with PENN Medicine.  Upon entering the main

5

hallway on the ground floor, the consumer views multiple instances of "Penn" signage – some originating from legitimate PENN Medicine practices and others from Defendant's infringing practices:



Legitimate PENN Medicine practice

Signage for Defendant's infringing practice

6



17.     Defendant operates two suites within the Bala Cynwyd building, IL-30 and IL-50. Defendant's practice located in Suite IL-50 is located across the hallway from yet another PENN Medicine practice located in the same office building.  Upon following the arrow in Defendant's signage, a consumer enters a hallway where they are again presented with conflicting "Penn" signage:



PENN Medicine practice and signage

Defendant's Practice

8



18. In addition, the office building in Bala Cynwyd maintains an electronic directory of business. When a consumer searches for "Penn" in the electronic directory, the consumer is likely to believe that Defendant's infringing practice is affiliated with PENN because the results reflect a number of legitimate PENN Medicine practices along with Defendant's practice:



19.     Defendant Primary Health's use of the marks Penn Heart and Vascular Center and PennMed Care PA PC is likely to cause confusion concerning the origin of such services and the misperception that they originate from, are associated or affiliated with, or sponsored or endorsed by, PENN.

20.     Defendant Primary Health's use of the marks Penn Heart and Vascular Center and PennMed Care PA PC marks are confusingly similar to the PENN Medicine Marks in sight, sound, and commercial impression as the dominant portion of all of the marks at issue is the world-renowned "PENN".

21.     In addition, the PENN Medicine Marks and PennMed share similar sight and sound impressions while sharing an identical meaning.

10

22. Moreover, the likelihood of confusion is increased because PENN Medicine operates a well-known facility with the identical Penn Heart and Vascular Center name. https://www.pennmedicine.org/practices/heart-vascular-center. Thus, consumers will inescapably be under the false impression that Defendant Primary Health is operating a satellite location of PENN Medicine's genuine PENN Heart and Vascular Center.

23. Defendant's use of exceedingly similar marks in connection with identical, or highly related, medical services is likely to cause confusion among consumers as to the source of Defendant's services.

24. Apart from the inherent confusion caused by Defendant's use of highly similar marks for identical services, Defendant has taken other actions apparently designed to ensure that initial and point-of-sale confusion is not only likely, but certain.

25. In addition, Defendant furthers the misperception of affiliation by utilizing a blue and red color scheme, which has been used by PENN since at least 1875 and were codified by the Board of Trustees as the official school colors on May 17, 1910.

26. Given the above, it is unsurprising that actual confusion has already arisen notwithstanding Defendant's recent adoption of the infringing marks.

**Defendant Refuses to Cease Its Infringing Use**

27. Defendant Primary Health had constructive knowledge of PENN's ownership of the federally registered PENN Medicine Marks at all times.

28. Upon information and belief, Defendant Primary Health had actual knowledge of PENN's ownership of the federally registered PENN Medicine Marks at the time it selected the infringing Penn Heart and Vascular Center and PennMed Care PA PC marks by virtue of PENN Medicine's renowned and reputation throughout the region.

29. Apart from its prior knowledge of the PENN Medicine Marks, on November 6, 2025, PENN sent a cease-and-desist letter to Defendant demanding that it cease use of infringing Penn Heart and Vascular Center and PennMed Care PA PC marks. *See* Exhibit 1. Defendant failed to respond to the letter or take any corrective action.

30. On November 26, 2025, PENN again wrote to Defendant demanding that it cease use of infringing Penn Heart and Vascular Center and PennMed Care PA PC marks. *See* Exhibit 2. Defendant, again, failed to respond to the letter or take any corrective action.

31. On December 9, 2025, PENN sent yet another letter, this time to the registered address of Primary Health and, upon information and belief, the home address of Dr. Albizem, in hopes of amicably resolving this dispute. *See* Exhibit 3. Though Defendant acknowledged receipt of the third letter, it has, to date, provided no substantive response.

32. While not responding to any of PENN's multiple communications, Defendant apparently taped an imperceptible disclaimer to the bottom of its signage:



Disclaimer

13



33.     While this disclaimer is ineffective at dispelling the confusion created by

Defendant, it nevertheless evidences that such confusion is likely to occur in the first place.

## FIRST CLAIM FOR RELIEF

### (Federal Trademark Infringement, 15 U.S.C. § 1114)

34.     PENN realleges and incorporates by reference the foregoing paragraphs of this

Complaint as though set forth fully herein.

35. The federally registered PENN Medicine Marks are the sole and exclusive property of PENN.

36. Defendant utilizes marks that are likely to confusion because of the similarity of sight, sound, appearance and meaning with the PENN Medicine Marks in connection with identical or highly related services.

37. Defendant's use of marks that are confusingly similar to the PENN Medicine Marks was and is without PENN's consent.

38. Defendant's use of the marks Penn Heart and Vascular Center and PennMed Care PA PC constitutes trademark infringement in violation of Section 32 of the Lanham Act, 15 U.S.C. § 1114.

39. Defendant has engaged and continues to engage in these activities knowingly, willfully, and in bad faith.

40. Defendant's acts of trademark infringement, unless enjoined by this Court, are causing PENN to sustain, and will continue to cause it to sustain, irreparable injury.

41. PENN has no adequate remedy at law.

42. There is no legitimate hardship to Defendant in being compelled to stop and correct its infringing conduct and any conceivable hardship is substantially outweighed by the public's right to be free from confusion as to the source of their healthcare services.

43. Pursuant to 15 U.S.C. § 1116, PENN is entitled to an injunction against Defendant's continuing infringement of the PENN Medicine Marks.

44. Pursuant to 15 U.S.C. § 1117(a), PENN is entitled to monetary damages and an award of costs.

45. Because Defendant's conduct has been willful and in bad faith, this is an exceptional case within the meaning of 15 U.S.C. § 1117(a), and PENN is entitled to reasonable attorneys' fees.

## SECOND CLAIM FOR RELIEF

**(False Designation of Origin and Unfair Competition, 15 U.S.C. § 1125(a))**

46. PENN realleges and incorporates by reference the foregoing paragraphs of this Complaint as though set forth fully herein.

47. As the exclusive and continuous owner and user of the PENN Medicine Marks, PENN possesses valuable rights to the PENN Medicine Marks, and their associated goodwill.

48. Defendant utilizes marks that are likely to confusion because of the similarity of sight, sound, appearance and meaning with the PENN Medicine Marks in connection with identical or highly related services.

49. Defendant's use of marks that are confusingly similar to the PENN Medicine Marks was and is without PENN's consent.

50. Defendant's use of the Penn Heart and Vascular Center and PennMed Care PA PC marks constitutes false designation of origin and unfair competition in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

51. Defendant has engaged and continues to engage in these activities knowingly, willfully, and in bad faith.

52. Defendant's acts of false designation of origin and unfair competition, unless enjoined by this Court, are causing PENN to sustain, and will continue to cause it to sustain, irreparable injury.

53. PENN has no adequate remedy at law.

54. There is no legitimate hardship to Defendant in being compelled to stop and correct its infringing conduct and any conceivable hardship is substantially outweighed by the public's right to be free from confusion as to the source of their healthcare services.

55. Pursuant to 15 U.S.C. § 1116, PENN is entitled to an injunction against Defendant's continuing infringement of the PENN Medicine Marks.

56. Pursuant to 15 U.S.C. § 1117(a), PENN is entitled to monetary damages and an award of costs.

57. Because Defendant's conduct has been willful and in bad faith, this is an exceptional case within the meaning of 15 U.S.C. § 1117(a), and PENN is entitled to reasonable attorneys' fees.

## THIRD CLAIM FOR RELIEF

**(Common Law Unfair Competition; Pennsylvania Unfair Competition Law)**

58. PENN realleges and incorporates by reference the foregoing paragraphs of this Complaint as though set forth fully herein.

59. Defendant's use in Pennsylvania of the Penn Heart and Vascular Center and PennMed Care PA PC marks capitalizes and trades upon and is intended to capitalize and trade upon the goodwill and reputation of PENN and the PENN Medicine Marks.

60. Defendant's use in Pennsylvania of the Penn Heart and Vascular Center and PennMed Care PA PC marks usurps, dilutes, and otherwise prejudices and tarnishes PENN's reputation by exploiting, without authorization, the reputation and goodwill associated with the PENN Medicine Marks, thus constituting unfair competition under the common law of Pennsylvania.

61. Defendant's acts of unfair competition complained of herein have caused irreparable injury and damage to PENN, and unless enjoined will continue to cause irreparable injury and damage to PENN for which PENN has no adequate remedy at law.

62. For this unfair competition, PENN is entitled to injunctive, monetary and other relief pursuant to the common law of Pennsylvania.

## PRAYER FOR RELIEF

WHEREFORE, PENN respectfully requests that the Court grant judgment for PENN and against Defendant Primary Health, as follows:

1. Find and decree that Primary Health has infringed, and continue to infringe, the PENN Medicine Marks;

2. Preliminarily and permanently enjoin Primary Health, and its officers, agents, servants, employees, parents, subsidiaries, affiliates, and attorneys, and those in active concert or participation with them who receive actual notice of the order by personal service or otherwise, from continuing to infringe the PENN Medicine Marks;

3. Direct Primary Health to provide an accounting of all revenues and profits derived from its activities under the name or mark Penn Heart and Vascular Center and PennMed Care PA PC marks;

4. Award PENN the costs in association with this action, as this Court may determine to be fair and appropriate pursuant to Section 35(a) of the Lanham Act, 15 U.S.C. § 1117(a);

5. Find that this is an exceptional case and award PENN its attorneys' fees pursuant to 15 U.S.C. § 1117(a);

6. Award PENN such further relief as this Court deems just and proper.

Dated: January 15, 2026                    Respectfully submitted,

/s/ *Noah S. Robbins*
Noah S. Robbins
BALLARD SPAHR LLP
1735 Market Street, 51st Floor
Philadelphia, PA 19103
Tel.: 215-864-8745
robbinsn@ballardspahr.com

Raymond Nguyen
BALLARD SPAHR LLP
1735 Market Street, 51st Floor
Philadelphia, PA 19103
Tel.: 215-864-8269
nguyenr@ballardspahr.com

*Attorneys for Plaintiff The Trustees of the University of Pennsylvania*